UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

LARRY LEE SEABURG,                                   Civil No. 06-324 (MJD/AJB)

        Petitioner,

v.                                                   **REPORT AND**
                                                     **RECOMMENDATION**

ROBERT E. McFADDEN, Warden,
Federal Prison Camp
Yankton, South Dakota,

        Respondent.

---

THIS MATTER is before the undersigned United States Magistrate Judge on

Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241.  The case has been

referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local

Rule 72.1.  For the reasons discussed below, it is recommended that the petition for writ of

habeas corpus be summarily dismissed pursuant to Rule 4 of The Rules Governing Section

2254 Cases In The United States District Courts.[1]

## I.  BACKGROUND

In 1993, Petitioner was convicted in this District for a federal drug law violation.  He

was originally sentenced to 121 months in prison and three years of supervised release, but

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  Although The Rules Governing Section 2254 Cases are most directly applicable to habeas petitions filed by state prisoners pursuant to 28 U.S.C. § 2254, they also may be applied to habeas cases brought under 28 U.S.C. § 2241. Rule 1(b); Mickelson v. United States, Civil No. 01-1750 (JRT/SRN), (D.Minn. 2002), 2002 WL 31045849 at *2; Bostic v. Carlson, 884 F.2d 1267, 1270, n.1, (9th Cir. 1989); Rothstein v. Pavlick, No. 90 C 5558 (N.D.Ill. 1990), 1990 WL 171789 at *3.

his sentence was later modified to 120 months in prison and five years of supervised release. <u>United States v. Seaburg</u>, Crim. No. 3:92-106 (DDA/FLN).

For the first six years after Petitioner was convicted and sentenced, (roughly 1993 through 1999), he filed a steady stream of appeals, motions for relief under 28 U.S.C. § 2255, other post-conviction motions, and further appeals, which challenged various aspects of his conviction and sentence. In 2005, Petitioner filed yet another motion in his federal criminal case, in which he challenged his term of supervised release. That motion, which was construed to be an application for a writ of coram nobis, was summarily denied by the trial court judge as an "abuse of the writ."

Undeterred by his past failures, Petitioner is once again attempting to challenge his 1993 criminal conviction and sentence in his present application for habeas corpus relief under 28 U.S.C. § 2241. The principal claim raised in his current petition is that his conviction and sentence should be vacated, because he was convicted based on evidence obtained by means of an illegal search and seizure. The Court finds, however, that this action must be summarily dismissed, without reaching the merits of Petitioner's current claims, for the reasons discussed below.

## II.   DISCUSSION

As a general rule, a federal prisoner can maintain a collateral challenge to his conviction or sentence only by filing a motion in the trial court pursuant to 28 U.S.C. § 2255. <u>Abdullah v. Hedrick</u>, 392 F.3d 957, 959 (8th Cir. 2004), <u>cert</u>. <u>denied</u>, 125 S.Ct. 2984 (2005). The fifth paragraph of § 2255 provides that

"[a]n application for a writ of habeas corpus in behalf of a prisoner who is

authorized to apply for relief by motion pursuant to this section [i.e., § 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." (Emphasis added.)

Thus, "[i]t is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255... and not in a habeas petition filed in the court of incarceration... under § 2241." Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003). In effect, a motion brought in the trial court under § 2255 is the exclusive remedy available to a federal prisoner who is asserting a collateral challenge to his conviction or sentence. No court has jurisdiction to hear such a challenge under 28 U.S.C. § 2241 (or otherwise[2]), unless the petitioner has affirmatively demonstrated that the remedy provided by § 2255 "'is inadequate or ineffective to test the legality of...[his] detention.'" DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam), quoting 28 U.S.C. § 2255. See also Von Ludwitz v. Ralston, 716 F.2d 528, 529 (8th Cir. 1983) (per curiam) (same). The "inadequate or ineffective remedy" exception is sometimes called the "savings clause," (Abdullah, 392 F.3d at 959), because when it applies, it can save a § 2241

_____

[2] Although Petitioner's "Verified Petition," (Docket No. 5), expressly states that he is seeking relief under § 2241, some of his submissions refer to "coram nobis." (See "Motion to Vacate and Set Aside Judgment and to Expunge the Record in Nature of Corum [sic] Nobis, [Docket No. 1].) However, a federal offender's request for a writ of coram nobis must be brought as a motion in the original criminal case, (like a § 2255 motion), rather than as a separate new civil action, (like a § 2241 habeas petition). United States v. Morgan, 346 U.S. 502, 505, n. 4 (1954); United States v. Camacho-Bordes, 94 F.3d 1168, 1171, n. 2 (8th Cir. 1996). As previously noted, the trial court judge in Petitioner's criminal case has already concluded that he is not entitled to a writ of coram nobis, and this Court finds no reason to believe there would be a different outcome if Petitioner attempted to bring his current claims for relief before the original trial court judge in a new "coram nobis motion."

habeas petition from being dismissed under the § 2255 exclusive remedy rule.

In this case, it is readily apparent that Petitioner is challenging the validity of his federal criminal conviction and sentence.  Indeed, he is specifically asking for an order that would vacate his conviction and sentence, and effect his "immediate release from custody." (Verified Petition, [Docket No. 5], p. 104.)  Therefore, the present petition is barred by § 2255's exclusive remedy rule, (unless the savings clause applies here).

In some cases, a § 2241 petition that is barred by the exclusive remedy rule can simply be construed to be a motion brought under § 2255.  The matter can then be transferred to the original trial court so the prisoner's claims can be addressed on the merits there.  Here, however, Petitioner is precluded from seeking relief under § 2255, because he has already sought such relief in the past.  Any new request for § 2255 relief that might now come before the trial court would have to be treated as a "second or successive" § 2255 motion, which, under the Anti-terrorism and Effective Death Penalty Act, ("AEDPA"), could not be entertained by the trial court without the prior approval of the Circuit Court of Appeals for the circuit where Petitioner was convicted.  28 U.S.C. §§ 2244(b)(3) and 2255 (final paragraph).[3]

---

[3]  According to the final paragraph of 28 U.S.C. § 2255:

> "A second or successive motion [under § 2255] must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on

Without a pre-authorization order from the appropriate circuit court, a trial court cannot exercise jurisdiction over a second or successive § 2255 motion. Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996); see also Boykin v. United States, No. 99-3369 (8th Cir. 2000), 2000 WL 1610732 (unpublished opinion). Because the instant Petitioner has not obtained a pre-authorization order from the Eighth Circuit Court of Appeals, the trial court judge could not entertain a new § 2255 motion at this time. Id. Therefore, it would not be appropriate to construe the present habeas corpus petition as a § 2255 motion and attempt to transfer this matter to the court in which Petitioner was convicted and sentenced.

It also appears that any § 2255 motion that Petitioner might attempt to bring before the trial court at this time would be time-barred under the one-year statute of limitations applicable to § 2255 motions. 28 U.S.C. § 2255[ ¶ 6 ]. For this additional reason, it would be

---

collateral review by the Supreme Court, that was previously unavailable."

28 U.S.C. § 2244(b)(3) provides that:

"(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

(B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.

(C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.

(D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.

(E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

inappropriate to construe the present petition to be a § 2255 motion, and then transfer it to the trial court.

Furthermore, it seems quite clear that Petitioner deliberately elected to seek relief under the § 2241 habeas corpus statute, based on a belief that the remedy provided by § 2255 is "inadequate or ineffective to test the legality" of his conviction. He apparently believes that his current petition is exempt from § 2255's exclusive remedy rule under the savings clause, and that he can challenge his conviction and sentence in a habeas proceeding, because he is not presently eligible for relief under § 2255. The Court rejects that proposition.

The rule against successive § 2255 motions, and the one-year statute of limitations, would be rendered meaningless if a prisoner who is procedurally barred from bringing a § 2255 motion could simply argue that the remedy provided by that statute has become "inadequate or ineffective," and that he should therefore be allowed to bring his claims in a § 2241 habeas corpus petition. Congress could not have intended for the rules governing successive § 2255 motions, and the statute of limitations, to be so easily evaded. Thus, the Eighth Circuit Court of Appeals has expressly confirmed that § 2255 will not be viewed as inadequate or ineffective "merely because § 2255 relief has already been denied,... or because petitioner has been denied permission to file a second or successive § 2255 motion... or because a second or successive § 2255 motion has been dismissed, ... or because petitioner has allowed the one year statute of limitations and/or grace period to expire." United States v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000) (citations omitted). See also Hill, 349 F.3d at 1091 ("in order to establish a remedy is 'inadequate or ineffective' under

§ 2255, there must be more than a procedural barrier to bringing a § 2255 petition"); <u>Abdullah</u>, 392 F.3d at 959 ("§ 2255 is not inadequate or ineffective merely because the claim was previously raised in a § 2255 motion and denied, or because a remedy under that section is time-barred"); <u>United States ex rel Perez v. Warden, FMC Rochester</u>, 286 F.3d 1059, 1061-62 (8th Cir.) (reaffirming that § 2255 is not rendered inadequate or ineffective by operation of the rules limiting successive § 2255 motions), <u>cert</u>. <u>denied</u>, 537 U.S. 869 (2002).[4]

"A federal prisoner should be permitted to seek habeas corpus [under § 2241] only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion." <u>In re: Davenport</u>, 147 F.3d 605, 611 (7th Cir. 1998). Section 2255 is not "inadequate or ineffective," thereby allowing a prisoner to challenge his conviction or sentence in a § 2241 habeas corpus petition, "where a petitioner had any opportunity to present his claim beforehand." <u>Abdullah</u>, 392 F.3d at 963. Based on this rule, the Court finds that the savings clause is inapplicable here, despite Petitioner's current ineligibility for relief under § 2255,

---

[4] Similar decisions have been reached in other circuit courts that have considered this subject. <u>See</u> <u>e.g.</u>, <u>U.S. v. Barrett</u>, 178 F.3d 34, 50 (1st Cir. 1999) (a petition under § 2255 cannot become "inadequate or ineffective," thus permitting the use of § 2241, merely because a petitioner cannot meet the requirements for filing a second § 2255 motion), <u>cert</u>. <u>denied</u>, 528 U.S. 1176 (2000); <u>Charles v. Chandler</u>, 180 F.3d 753, 756 (6th Cir. 1999) ("the § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied, [citations omitted], or because the petitioner is procedurally barred from pursuing relief under § 2255, [citations omitted], or because the petitioner has been denied permission to file a second or successive motion to vacate, [citation omitted]"); <u>In re Vial</u>, 115 F.3d 1192, 1194, n. 5 (4th Cir. 1997) ("the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision... or because an individual is procedurally barred from filing a § 2255 motion").

because he had a reasonable opportunity to raise his current claims for relief in his direct appeal, his prior § 2255 motions, and his various other motions and appeals. He cannot now claim that § 2255 is "inadequate or ineffective" simply because he is no longer eligible for relief under that statute. See Hill, 349 F.3d at 1092 (§ 2255 is not an inadequate or ineffective remedy where the prisoner had "at least two opportunities to raise [his] argument before the sentencing court").

## III.   CONCLUSION

In sum, the Court finds that: (1) Petitioner's current application for habeas corpus relief challenges the validity of his criminal conviction and sentence; (2) such challenges can be raised only in a motion for relief under 28 U.S.C. § 2255, unless the remedy provided by that statute is "inadequate or ineffective;" (3) the instant petition cannot be construed as a § 2255 motion, because Petitioner is barred from seeking relief under § 2255 by the rules governing successive petitions and the statute of limitations, and (4) Petitioner's present inability to seek relief under § 2255 does not cause the remedy provided by § 2255 to be "inadequate or ineffective" so as to excuse him from § 2255's exclusive remedy rule. Thus, the Court concludes that Petitioner's current § 2241 habeas corpus petition cannot be entertained here, and that this action should be summarily dismissed for lack of jurisdiction. See DeSimone, 805 F.2d at 323-24 (§ 2241 habeas petition challenging prior criminal conviction was properly dismissed for lack of subject matter jurisdiction, where petitioner had not demonstrated that § 2255 motion was an inadequate or ineffective remedy); Abdullah, 392 F.3d at 964 ("[b]ecause Abdullah did not show that § 2255 was inadequate or ineffective, the district court correctly concluded that it had no jurisdiction to consider his claim in a § 2241 petition").

8

Finally, the Court notes that Petitioner has filed several collateral motions in this matter, which are entitled "Motion to Vacate and Set Aside Judgment and to Expunge the Record in Nature of Corum [sic] Nobis," (Docket No. 1), "Motion for a Hearing Seeking the Truth," (Docket No. 2), "Motion for a Hearing to Obtain Court Records Invoking Federal Appellate Rules of Procedure 10e," (Docket No. 3), and "Motion for Expedited Appointment of Counsel," (Docket No. 4).   Based on the Court's determination that this action must be summarily dismissed for lack of jurisdiction, it will be recommended that all of Petitioner's various collateral motions be summarily denied.

## IV.    RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1.  Petitioner's "Motion to Vacate and Set Aside Judgment and to Expunge the Record in Nature of Corum [sic] Nobis," (Docket No. 1), be DENIED;

2.  Petitioner's "Motion for a Hearing Seeking the Truth," (Docket No. 2), be DENIED;

3.   Petitioner's "Motion for a Hearing to Obtain Court Records Invoking Federal Appellate Rules of Procedure 10e," (Docket No. 3), be DENIED;

4.  Petitioner's "Motion for Expedited Appointment of Counsel," (Docket No. 4), be DENIED; and

5.  Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241, (Docket No. 5), be DISMISSED for lack of jurisdiction.

Dated: February 2, 2006

_s/ Arthur J. Boylan_
ARTHUR J. BOYLAN
United States Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.  This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.  Written objections must be filed with the Court before February 16, 2006.

10